IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ANGELA SIMMONS,<br><br>        Plaintiff,<br><br>vs.<br><br>(1) CAVALRY PORTFOLIO SERVICES, LLC,<br><br>        Defendant. | CIV-21-149-SLP<br><br>**COMPLAINT**<br>(Unlawful Debt Collection Practices)<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

NOW COMES Plaintiff, Angela Simmons, and for a Complaint against Defendant, Cavalry Portfolio Services, LLC, alleges as follows:

**INTRODUCTION**

1. Plaintiff states a claim against Cavalry Portfolio Services, LLC ("Cavalry") for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

    There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

      Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

      Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

      It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4. Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## STANDING

6. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

7. Specifically, Plaintiff suffered a concrete injury to reputation as a result of Defendant's communication of false information to third parties in connection with its attempt to collect an alleged debt from Plaintiff.

## PARTIES

8. Plaintiff is a natural person residing in Oklahoma City, Oklahoma.

9. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant does business in the Eastern District of Oklahoma.

12. Upon information and belief, Defendant uses interstate mail and makes telephone calls to consumers attempting to collect on defaulted consumer debt.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Sometime in July, 2019, Plaintiff noticed on her credit report that Defendant reported a debt purportedly owed to Synchrony Bank for a defaulted consumer debt.

15. On or about July 8, 2019, Plaintiff placed a call to Defendant to discuss the alleged debt.

16. During the call, Defendant directed her to contact a Defendant's agency, debt collector Convergent Outsourcing, regarding the debt. Despite Defendant reporting the debt directly to Plaintiff's credit report, Defendant refused to discuss the debt with her.

17. Subsequently, Plaintiff then followed Defendant's instructions to call to Convergent Outsourcing. During this call, Plaintiff advised Defendant's agent that she disputed the amount of the alleged debt being sought by Defendant, and advised Defendant's agent of the correct balance amount.

18. However, on July 18, 2019, and monthly thereafter, including February 23, 2020, and dates thereafter, Defendant reported the alleged debt to Plaintiff's credit reports, but failed to communicate that the debt was disputed by the consumer Plaintiff.

19. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

20. Defendant materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

21. A debt reported without dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

22. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

23. On February 23, 2020, and months thereafter, Defendant knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff had previously notified Defendant of that dispute in a call with Defendant's agent, Convergent Outsourcing.

24. Even though Defendant knew or should have known, prior to February 23, 2020, and every month thereafter that Defendant reported the debt to Plaintiff's credit report, that Plaintiff disputed owing the amount of the alleged debt, Defendant failed to thereafter communicate the fact of Plaintiff's dispute to the credit reporting agencies to which Defendant communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

25. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant in the form of a lower credit score, and experienced anger and frustration, amongst other negative emotions.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

26. Defendant violated §1692e(8) of the FDCPA by failing to communicate that a disputed debt is disputed to Plaintiff's credit reporting bureaus.

**WHEREFORE**, Plaintiff, Angela Simmons, respectfully prays that judgment be entered against Defendant, Cavalry Portfolio Services, LLC, for the following:

a) Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

b) Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c) Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

d) Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591

PARAMOUNT LAW
CONSUMER PROTECTION FIRM

1202 E. 33rd Street
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
6462@paramount-law.net

COMPLAINT                                                                 6